FERRIS *v.* FISHER *et al.*

*(Supreme Court, General Term, Second Department.  May 9, 1892.)*

ADJOURNMENT OF TRIAL—INSUFFICIENT GROUND FOR.

When an action for partition was called for trial defendants' counsel were not ready, and upon a suggestion of settlement the trial was adjourned for one week. On the adjourned day one of defendant's counsel was actually engaged, and the one present stated there had been no settlement, and asked for an adjournment over the term, refusing to take a day during the term. The application was refused, and an inquest taken. It further appeared that said counsel had tried another action between the same parties, and had been employed in other proceedings involving the same question, were familiar with the case, and required no time for preparation; that they had subpœnaed no witness, and made no pretense that the attendance of any witness could not be procured. *Held,* that a motion to open the default was properly denied.

Appeal from special term, Westchester county.

Action by Katharine C. Ferris against Cleveland D. Fisher and others for the partition or sale of real estate. From an order denying a motion to open a default, defendants appeal. Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Martin J. Keogh,* for appellants.  *Wilson Brown, Jr.,* for respondent.

DYKMAN, J.  This is an appeal from an order denying a motion to open a default taken against the defendant at the circuit court in Westchester county on the 12th day of October, 1891. From the affidavits used on the motion we collect the following facts: The action is brought for the partition or sale of real property, and was upon the calendar of causes to be tried at the circuit in Westchester county, which commenced on the first Monday of October, 1891, which was the 5th day of the month. When the cause was called on the first day of the court the defendants were not ready, but they presented no legal excuse for their failure to prepare and be in readiness for the trial. The application to postpone the trial until the next term of the circuit was denied, because no case was made for such adjournment. Upon a statement that all the witnesses were in the immediate vicinity of the court-house, the cause was set down for trial at 2 o'clock that afternoon. When the court assembled at 2 o'clock there was a suggestion that the parties would settle the case amicably between themselves, and an adjournment was taken for one week, until the following Monday, the 12th day of October. On the 12th one of the counsel for the defendant appeared in court, and stated that his associate was engaged in New York city, that no settlement had been concluded, and asked to have the cause go over the circuit. Thereupon the trial judge stated that it was apparent that no effort had been made to prepare for the trial, but, if they had been embarrassed by the negotiations for a settlement, he would postpone the trial for one week, to afford the defendant an opportunity to procure the attendance of their witnesses, and prepare for the trial. Thereupon the counsel stated that his application was to postpone until the next term, and he did not desire an adjournment during the term, and when the trial judge inquired of him if the defendant declined to take any day during the term if the day he proposed was inconvenient, he answered in the affirmative, and desired to file his affidavit, and declined to consent to any adjournment during the term. He then stated the contents of his affidavit, and, as they contained no reason for the adjournment beyond what had been offered, the application was denied, and the cause was tried on an inquest, and judgment was rendered in favor of the plaintiff. It appears further that the counsel for the defendants have tried another action between these parties involving the same questions as those to be determined in this case, and have been engaged before the surrogate in a controversy over the same will which the plaintiff here claims to be invalid, so that they

are familiar with the case, and require no time for preparation.· They subpœnaed no witnesses, and made no pretense that any were absent, or beyond their reach, or unable to attend, or that there were any whose attendance they could not procure. Their application for an adjournment until the next term was plainly without merit, and made to secure delay, and their professions of inability to proceed with the trial were insincere, and destitute of good faith. The motion to open the default was properly denied, and the order should be affirmed, with $10 costs and disbursements, to be deducted by the referee and paid out of the portion of the defendants of the proceeds of the sales of the property involved in this action.